## FRANCIS A. TETE *v.* CANTRELLE and VILLAVOSA.

The transfer of a judgment with all the rights resulting therefrom does not include a judg-
ment for special damages allowed on the dissolution of an injunction taken out against an
execution issued on the judgment so transferred, but it does include the interest of ten per
cent allowed by the judgment dissolving the injunction.

APPEAL from the District Court of Assumption, *Randall*, J. *J. C.* and *A.
Beatty*, for plaintiff. *Winchester Hall*, for defendants. The judgment of
the court was pronounced by

PRESTON, J. On the 20th of May, 1843, *Cantrelle* and *Villavosa* obtained
a judgment against *Auguste Tete* for $937 54 with interest and costs, and
having issued execution upon it, the defendant enjoined the sheriff from pro-
ceeding in the execution, because he seized a quantity of sugar instead of a tract
of land pointed out to him by the defendant.

On the 25th of May, 1844, the injunction was dissolved, and the plaintiff in
the injunction and his security, *Francis A. Tete*, the present plaintiff, was con-
demned to pay ten per cent interest on the amount of the judgment from the
date at which the injunction was obtained, and twenty per cent damages and
costs. From this judgment, however, an appeal was taken.

On the 27th of May, 1844, *Cantrelle* and *Villavosa* acknowledged to have
received $937 54 from the Ocean Insurance Company and interest at five per
cent from the date of its rendition; and in consideration thereof, transferred to
the company the judgment with all the rights of mortgage and other rights
resulting from the judgment and its registry.

The appeal from the judgment dissolving the injunction and allowing damages
and interest was not prosecuted, and on the 4th of January, 1847, *Cantrelle* and
*Villavosa* issued execution upon it. The execution has been enjoined by
*Francis A. Tete*, the security on the injunction bond, on the ground that the
damages and interest had been sold and transferred by the plaintiffs to the Ocean
Insurance Company, and that he had arranged the claim with them. It is not
pretended that these damages and interest were expressly transferred, but it is
contended that they were mere accessories to the original and principal judg-
ment, and that by its transfer they necessarily followed it.

The court are divided in opinion as to the question whether the additional
interest allowed upon the original judgment for the dissolution of the injunction

<div style="margin-left">TETE<br>*v.*<br>CANTRELLE.</div>

is an accessory of the judgment, so as to raise a presumption that it was transferred with it, and have concluded not to disturb the judgment of the district court as to that part of the case.

In consequence of the confirmation of the decision of the district court as to the interest, it becomes unnecessary to examine in this case the point made by the plaintiff's counsel, that the additional interest on the judgment should cease with the dissolution of the injunction.

The damages allowed on the dissolution of an injunction are given by law to indemnify the defendant in the injunction for his trouble in defending the suit, the vexation it occasions him and the expenses he incurs for counsel fees or otherwise.

These damages are not accessory to the original judgment. They do not grow out of it. They are given in a separate suit and by a separte judgment, and are not by it, like the increased interest, added to the original judgment. The transfer of the original judgment is not a transfer of the judgment for damages, nor does it afford any presumption that the damages are transferred with it, because they are not necessarily connected with or dependant upon it. The judgment for damages belongs to the party who has suffered the damages, by incurring the expense and undergoing the trouble and vexation of defending an unfounded injunction suit.

*Cantrelle* and *Villavosa* suffered all that damage in the present case: the judgment for the damage is in terms rendered in their favor; and their transfer of the original judgment affords no presumption that they transferred their damages given to them by a separate judgment and in a separate suit.

The judgment of the district court is therefore reversed; the execution is perpetually enjoined as to the ten per cent interest on the original judgment, but dissolved as to the sum of one hundred and eighty-seven dollars, thirty cents damages allowed and legal costs; the appellee to pay the costs of this appeal, and the appellants or defendants in the injunction the costs of the district court.