# FREDERICK ULLMANN

*v.*

# JOHN N. KLINE *et al.*

1. ASSIGNMENT—*assignee of judgment protected.* The assignee of a judgment, taking without notice that the judgment debtor has any equitable right to have an unsettled demand set off against it, will be protected. Notice that the judgment debtor has a demand against the plaintiff in the judgment, is not any ground for allowing a set-off to defeat the equitable right of the assignee.

2. SAME—*of judgment, carries security.* The assignment of a judgment after an appeal to the Supreme Court, in equity, carries with it the security afforded by the appeal bond, in case of affirmance. The bond is but an incident to the debt, and passes with it.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

This is a suit in chancery, by Ullmann, as complainant, against Crane and Kline, as defendants. It is charged in the bill that on May 7, 1875, one White recovered a judgment, against Kline, for $806.70, from which judgment Kline appealed to the Supreme Court, and on May 27, 1875, Kline, as principal, and Crane, as his security, executed an appeal bond, binding themselves jointly to pay to White the judgment, in case the same should be affirmed; that on the 15th of October, 1875, White, being indebted to Ullmann in an amount larger than the judgment, assigned the judgment to Ullmann, and that, on that day, the assignment was filed with the clerk of the court in which the judgment had been rendered, and a minute of the fact of assignment was made on the judgment docket, and that, on the same day, a written copy of the assignment was. served on Kline, by Ullmann.

The bill further charges, on the 18th of October, 1876, the judgment was affirmed in the Supreme Court; that on November 1, 1876, White died intestate, being a resident of Cook county, leaving no property, and that his family had

removed to the State of Wisconsin; that no administrator of his estate had been appointed, for the reason that there was no property upon which to administer; that complainant could not enforce the payment of this judgment, at law, for want of an administrator in whose name to sue, and that he had failed to collect the same. Kline and Crane are made defendants, and the prayer is for a decree against them, requiring them to pay to Ullmann the amount of the judgment.

Defendants answered, claiming that the assignment of the judgment did not operate to transfer to Ullmann the appeal bond; and alleging that on April 1, 1874, White was indebted to Kline, upon an account stated, in the sum of $704.56, and, also, in other sums for money had and received, and for goods sold, etc., and for rent, use and occupation of a tract of land described, which White used until October 15, 1875; and charging that, at the time of the assignment of the judgment to Ullmann, he had notice that White was indebted to Kline in a sum exceeding the amount of the judgment, and insisting that complainant took the assignment subject to the equities and defenses of Kline, and with knowledge of them.

A replication was interposed, proofs heard, and a decree entered dismissing the bill for want of equity.

On the hearing, complainant supported all the affirmative allegations of the bill by proof, and also gave evidence that the judgment in question was recovered in an action of trespass, for various torts, embracing allegations of false imprisonment, and assault and battery.

Kline testified, in substance, that about April, 1872, he let to White a tract of land, for the term of five years. By the terms of the lease, Kline was to furnish team, harness and implements to cultivate the land, and, as rent, was to receive one-half of the proceeds of the productions raised on the place, and White was to do the labor and the marketing, and render an account of money received, and incur half the expense of keeping the team, of repairs, and shoeing of the horses; and that on March 5, 1874, Kline and White had a

settlement for the preceding two years, "and there was due to Kline, at that time, $704.56." In this accounting was embraced moneys, groceries, fuel and provisions furnished to White by Kline; and that in April, 1874, White admitted, before a justice of the peace, that he owed Kline $678.98, and that, after that, Kline became farther indebted to him in an amount which, added to the amount due in March, 1874, made a sum greater than the amount of the judgment in question, and that nothing had been paid on this indebtedness.

On cross-examination, Kline stated that he regained possession of the property in November, 1876; that there was no accounting after March, 1874; that, early in that month, Kline took from White the team and most of the farming implements, and never returned them.

Complainant gave evidence tending to show, that at the attempt at accounting in March, 1874, Kline and White could not agree as to the balance due Kline—Kline claiming it to be over $700, and White conceding it to be over $600, but not agreeing to the amount claimed by White; and that, in a sworn complaint, Kline had stated, on March 24, 1874, that White was indebted to him in about $600, and in a notice of that date, which he presented to White, he claimed to rescind the lease upon the ground that White had failed to render a correct account.

Mr. WILLIAM H. BARNUM, for the appellant.

Messrs. BARKER & BUELL, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The demand proposed to be set off had no connection, in its origin or nature, with the judgment assigned. Whether it consisted of unsettled accounts or an account stated, its amount was never reduced to judgment. At the time of the assignment of the judgment, the assignee, while he may have

had notice that the judgment debtor had a demand against the assignor of the judgment, had no notice that the judgment debtor had any equitable right to have that demand set off against the judgment, or even that he claimed any such right. It is not shown that the assignor of the judgment was, at that time, insolvent. At the time of the assignment of the judgment, in October, 1875, notice was given to Kline that the assignment had been made.

In the case of *Hughes* v. *Trahern, Admx. et al.* 64 Ill. 48, this court said that, "in equity, the assignee of a judgment will be protected from any acts of the parties after notice." In that case, Trahern assigned to Dougherty a judgment he had recovered against Hughes. At the time of the assignment, Hughes held a demand against Trahern, which was not in judgment, but was afterwards put in judgment. A bill was filed to set off this judgment against that assigned to Dougherty. It appeared that Dougherty took the judgment, to hold in part for himself and in part for the assignor. This court directed that an account should be taken to ascertain Dougherty's real interest in the judgment, and to that end it should be ascertained the amount of the indebtedness to Dougherty, from Trahern, before and at the time of the assignment, and the amount of money Dougherty had paid on the assignment, before the demand of Hughes was merged in judgment and the demand made that the same be set off, and that, to that extent, the rights of Dougherty, as assignee, should be protected against the proceeding of Hughes to have his demand set off against the judgment assigned to Dougherty. In that case, it appeared that Trahern's estate was, at the time of filing the bill, insolvent. This case falls within the principle on which the Dougherty case was decided, and we hold that the court erred in permitting the claim of set-off to defeat the equitable right of appellant to have payment of the judgment enforced.

Appellees insist that the assignment of the judgment by White to Ullmann did not operate as an assignment of the

appeal bond. We can not concur in this view. The assignment of the judgment, in equity, passed to Ullmann all the beneficial interest White had in the judgment, and all its incidents. The assignment of a debt carries with it, in equity, the mortgage made to secure the debt. This appeal bond stands merely as an assurance that this judgment shall be paid, and, as an incident to the debt, all beneficial interest in the bond passed to Ullmann by the assignment.

The decree must be reversed, and the cause remanded with directions to grant the relief sought by the bill.

*Decree reversed.*