Burgett v. Paxton.

## FREDERICK P. BURGETT ET AL.

### v.

## JOHN S. PAXTON ET AL.

1. DAMAGES ON INJUNCTION BOND.—Appellants filed a bill to enjoin the sheriff and judgment creditor from selling certain land under execution against one W., and executed to them a bond conditioned to "prosecute such injunction suit to effect, and pay all costs and damages that may arise in said case or grow out of the same in any manner whatever." The judgment creditor then assigned his judgment against W., and the assignee of the judgment was on his own petition made a co-defendant with the sheriff and original judgment creditor, but no new bond was given. On final hearing the injunction was dissolved and bill dismissed, and the sheriff and original judgment creditor brought action upon the bond "for themselves and for the use of" the assignee of the judgment. Held, that the penalty of the bond was limited to the damages sustained by the obligees, and the assignee of the judgment not being named or referred to in said bond, no recovery could be had for any damages sustained by him.

2. BOND—NOT TRANSFERABLE.—The bond being an obligation to pay contingent upon conditions personal to the obligees would not be transferable without consent of the obligors, and did not run with the interest covered by it.

3. SURETY—LIABILITY STRICTLY CONSTRUED.—The liability of a surety is not to be extended by implication or construction beyond the terms of his contract.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding. Opinion filed August 20, 1884.

Mr. B. C. TALIAFERRO, for appellants

Mr. LOUIS D. HOLMES, for appellees.

PLEASANTS, P. J. In 1878 three of the appellants filed their bill against John S. Paxton, who was then sheriff of Mercer county, and Frank H. Bernard, who was plaintiff in an execution held by him, to enjoin the sale of certain land that had been levied on as the land of Wells Willets, and executed to them a bond, with the other appellant as surety, conditioned to "prosecute said injunction suit to effect and pay all costs and damages that may arise in said case or grow out of the same in any manner whatever." The judgment against Willets on which said execution issued having then been assigned to Shadrach C. Burlingim, he was afterwards made a party defendant to the bill on his own petition and allowed to answer it, but no new or other injunction bond was given or required. On final hearing upon the pleadings and proofs a decree was made dissolving the injunction and dismissing the bill, which decree was affirmed by the appellate and supreme courts. 99 Ill. 293. Thereupon, on November 11, 1882, this action was brought upon said bond by Bernard and Paxton, the obligees therein named, "for themselves and for the use of Shadrach C. Burlingim," against appellants, the obligors. The declaration in the assignment of breaches averred that the *plaintiffs and said Burlingim* had paid to solicitors, and for costs and expenses in the circuit, appellate and supreme courts a large sum of money, to wit, $1,500; that the execution sale was prevented, from July 26, 1878 until July 12, 1881, whereby for all that time only six per cent. per annum was realized for interest on the judgment, which was for $1,200, instead of eight per cent., as otherwise

Burgett v. Paxton.

would have been; and, generally, that *they* suffered damages to a large amount—all by reason of said injunction.

Upon issue joined on a plea of *nil debet* a jury was waived and trial had by the court, on which there was a finding for the plaintiffs and judgment thereon entered, after a motion by defendants had been overruled, for the penalty of the bond, to be discharged on the payment of $567, the damages assessed. Defendants bring the record here for review by appeal.

Whether the amount so found included anything for interest more than the judgment bore while the execution sale was restrained, or for anything whatever besides solicitors' fees and costs paid, we are unable to ascertain. The evidence would perhaps have warranted the finding for solicitors' fees alone, unless, as claimed by appellants, the injunction was only ancillary or incidental, in which case the recovery should have been limited to the amount paid for services strictly directed to the procurement of its dissolution.

We regard the right to the injunction as the principal and ultimate question in the case. Everything in it that was material or relevant bore upon that question. It depended on two others: first, whether the Bernard judgment was a subsisting lien, and, second, whether it had precedence of the claim of Burgett as to the land levied on; and these comprehended the whole controversy.

We should therefore not be disposed to reverse the judgment in this case for the alleged errors of allowing damages for loss of interest on the amount of the Bernard judgment against Willets, or too much for solicitors' fees for procuring the dissolution of the injunction.

But it was shown and formally agreed by the parties on the trial, that neither Bernard nor Paxton, the plaintiffs, had sustained any damages; that neither of them had any interest in the judgment against Willets when the injunction was sued out; that Burlingim alone assumed the entire defense of the injunction suit, employed the solicitors therefor, paid all the fees, costs and expenses, and sustained all the damages, whatever they were, in his own sole interest.

Plaintiffs could properly recover, if at all, only for such as are described and claimed in their declaration: Mix v. Singleton, 86 Ill. 194. All that are therein claimed are described as having been sustained by *them and Burlingim*, that is, jointly. It may be doubted whether under any good declaration upon this bond they could recover for Burlingim's portion of those so sustained. Ovington v. Smith, 78 Ill. 250. But is there not here a variance between the allegation and the proof that would be fatal to this judgment, even if the bond covered all that were either claimed or proved?

We hold, however, that a proper construction of the language in the condition—" all costs and damages that may arise in said case or grow out of the same in any manner whatever" —must limit the description to such as actually and legitimately accrue to the obligees; and see no ground upon which appellants can be held liable, at the suit of any party, on this bond, for damages sustained by Burlingim alone. He was not named nor embraced by any description or reference in it as one of the obligees. It did not purport to be for the use of anybody that might be damnified, except those so named, nor are we advised of any law that gives it, as it does some others, that effect. It was not assigned to him; and if it had been, the obligation to pay being contingent upon conditions that were personal to the obligees—the accruing of certain damage to them—it was like a policy of insurance or other such agreement to indemnify, not transferable without consent of the obligors, and did not run with the interest covered by it. He acquired none of their rights in it by succession or representation. Nor did they represent him. When his interest was made known he became a necessary party to the injunction bill. Bernard then had no interest in the Willets judgment, and Paxton, being an agent purely instrumental was only a nominal though a necessary party. The court would not allow them to represent Burlingim; therefore he appeared for himself. But this was after the bond had been executed in terms that did not include him. He might have asked and obtained an order of the court that another should be executed, but he did not. Without it

Burgett v. Paxton.

he voluntarily proceeded and incurred the damages in question.

This is an action at law and a surety is involved. The liability is not to be extended by implication or construction beyond the terms of his contract. We are not aware that the strictness of the rule which disregards consideration of equities and of intention, beyond the terms as declared in Sharp v. Bedell, 5 Gilm. 88, pp. 93 *et seq*., has been at all relaxed. The People v. Tompkins, 74 Ill. 486-7; Cooper v. The People, 85 Id. 417; Mix v. Singleton, 86 Id. 194; Phillips v. Singer Mfg. Co., 88 Id. 307.

Holding those damages not covered by the obligation, the judgment of the circuit court therefor is reversed.

Reversed and remanded.