PETER SCHLIEMAN *vs.* PATRICK J. BOWLIN and others.

December 13, 1886.

**Assignment of Demand—Rights and Remedies of Assignee.**—The assignment of a demand entitles the assignee to every assignable remedy, lien, or security available by the assignor as a means of indemnity or payment, unless expressly excepted or reserved in the transfer of the demand.

**Replevin—Assignment of Judgment carries Bond.**—The assignment of a judgment against a defendant in a replevin suit operates as an assignment of a bond given by him pursuant to Gen. St. 1878, c. 66, § 136, to obtain a return of the property.

One Oase sued Sandstrom and Richter in replevin, and on June 22, 1885, defendant Bowlin on behalf of Sandstrom and Richter, and the other defendants as sureties, executed the statutory bond to obtain return of the property. On August 21, 1885, Oase recovered judgment in the replevin suit for a return of the property or $211, and on August 27, 1885, assigned the judgment to this plaintiff. On August 11, 1885, a decision of the same court was filed in favor of Bowlin in a suit against Oase and one Halverson, and on September 3, 1886, judgment was entered on the decision against Oase and Halverson and each of them, for $202.90. In November, 1885, this plaintiff brought this action on the bond, in the municipal court of St. Paul. Among other things the defendants pleaded that the assignment to plaintiff was merely colorable and passed no title, and was made without plaintiff's knowledge to prevent Bowlin from collecting his judgment against Oase. The action was tried by the court, and judgment ordered and entered for plaintiff, from which the defendants appeal.

*C. D. O'Brien,* for appellants.

*E. R. Holcombe* and *Henry Johns* for respondent.

MITCHELL, J. It is a familiar rule of equity, of universal application, that the assignment of a demand entitles the assignee to every assignable remedy, lien, or security available by the assignor as a means of indemnity or payment, unless expressly excepted or reserved in the transfer of the demand. 2 Lead. Cas. Eq. (4th Am. Ed.) 1667, and cases cited. The assignment of the demand, which is the principal thing, operates as an assignment of all securities for its recovery or collection, and upon such securities the assignee, as the real party in interest, may maintain an action in his own name. 2 Jones, Mortg. § 1377; *Bolen* v. *Crosby,* 49 N. Y. 183; *Hurt* v. *Wilson,* 38 Cal. 263; *Ullmann* v. *Kline,* 87 Ill. 268; *Bennett* v. *McGrade,* 15 Minn. 99, (132.)

The bond given by a defendant in an action in replevin pursuant to Gen. St. 1878, *c.* 66, § 136, to obtain a return of the property during the pendency of the suit, stands in the place of the property, its purpose and office being, as its conditions show, to secure such judgment as the plaintiff may recover in the action. The bond is but an

incident to the debt or claim represented by the judgment. The right to collect the judgment on execution, and the right to recover on the bond, which is merely security for the judgment, cannot exist in the hands of different persons. Therefore, in the present case, the assignment to the plaintiff of the judgment operated as an assignment to him of this bond, and, as the real party in interest, he can maintain an action upon it.

The defendants utterly failed to prove that the assignment of the judgment by Oase to plaintiff was fraudulent and colorable. The judgment was assigned absolutely to plaintiff in payment of a debt. The mere fact that plaintiff was to account to Oase for the surplus (if any) of the proceeds of the judgment over and above the amount of this debt, would leave no leviable interest of Oase in the *judgment*, even assuming that a judgment is subject to levy at all,—a point which we neither consider nor decide.

Judgment affirmed.