## O. P. Patterson v. A. Rinard et al., who sues for use of A. M. Funkhouser et al.

1. INJUNCTION BONDS—*Attorneys' Fees as Damages.*—It is not necessary for a party to pay his attorneys in an injunction suit before bringing suit on the bond. Attorney fees are damages and when a party becomes legally responsible for them, the right of recovery is complete.

2.  SAME—*Relation of Sureties Not Changed by Suit.*—The relation of the surety is in no manner changed by a suit to recover damages in the names of the obligees for the use of their attorneys.  When a surety pays the judgment it is immaterial to him whether the money goes to the obligees and from them to their attorneys, or whether it goes directly to the attorneys without passing through the hands of the obligees.

3.  EQUITY PRACTICE—*Dismissal of Bill Does Not Release Surety.*— A complainant may dismiss his bill, where there is no fraud, and its dismissal will not release the surety on the injunction bond, although such dismissal is the result of an agreement with the defendant in the bill.

**Debt,** on an injunction bond.  Trial in the Circuit Court of Wayne County; the Hon. SILAS Z. LANDES, Judge, presiding.  Finding and judgment for plaintiff; appeal by defendant.  Heard in this court at the August term, 1898.  Affirmed.  Opinion filed March 10, 1899.

**Statement of the Case.**—This is an action of debt on an injunction bond, wherein Adam Rinard, R. D. Adams, J. R. Creighton and E. C. Kramer are the obligees in the bond, and suit is brought in their names for the use of Funkhouser & Rider, and Hanna & Hanna, who were the attorneys of obligees in the matter of dissolving the injunction.

Sarah C. D. Putman, on August 12, 1895, instituted suit against said obligees on the chancery side of the Wayne County Circuit Court, praying among other things for an injunction restraining them from interfering with certain real estate.

An injunction was issued and Patterson, the appellant, became surety on the bond.  On the 21st of September, 1895, the injunction was dissolved.  Suggestions of damages were filed.  On October 17, 1895, upon motion of complainant, leave was given to file a supplemental bill, and an order entered that the cause stand for rehearing on its merits on original bill, answer, replication and supplemental bill.  A motion to reinstate the injunction was continued to be determined on the hearing of the case.  On the 17th of March, 1896, a settlement of the matters in controversy was made by the parties in the case, and a stipulation stating the terms of the settlement filed in court, which among other things provided that the chancery suit brought

by Sarah C. D. Putman should be dismissed at her costs, and that the "complainant in the injunction suit shall pay as damages the attorney fees of Hanna & Hanna, and of Funkhouser & Rider, who represented defendants in said injunction suit. The amount of said attorney fees to be agreed upon by said parties of the second part and said attorneys, if they are able to do so. In the event they are unable to agree, then the amount of said attorney fees shall be fixed by the Circuit Court of said county of Wayne at the present term, by hearing evidence of the value of said services, and when so fixed by the court, a judgment shall be rendered against the complainant in said injunction suit for the amount thereof, as damages by reason of the dissolution of said injunction." On the 17th of May 1896, the parties not having agreed as to the amount of damages, a hearing was had and a decree was rendered that "the defendants in the injunction suit, Jacob R. Creighton, F. C. Kramer, Adam Rinard and Robley D. Adams, do recover from complainant, Sarah C. D. Putman, the sum of $300, for their attorney fees expended by reason of the wrongful suing out of the injunction in this cause and all statutory costs occasioned by the same. And that said attorney fees when collected be paid as follows: $150 to the firm of Funkhouser & Rider, and $150 to the firm of Hanna & Hanna, solicitors for defendants." This suit on the injunction bond is to recover the $300 awarded by the above decree.

Appellant filed a plea of "*nil debit*" and a special plea in bar, which was demurred to and the demurrer overruled. Issue was then joined on both pleas.

Appellant in his special plea denies the breaches alleged, and craves oyer of the record and proceedings in the chancery case. He then sets up in substance these proceedings, as a defense in this action, to wit, that after the dissolution of the injunction he obtained leave to file a supplemental bill and an order for rehearing of the case if issue should be joined on the supplemental bill. Also an order continuing the motion to reinstate the injunction

Patterson v. Rinard.

until the final hearing. That subsequent to this and before a hearing was had, the parties to the suit effected a compromise, as witnessed by a stipulation filed in the court, which provided for the dismissal of the chancery suit at complainants' cost, and that the amount of defendants' solicitors' fees, if not agreed upon, should be fixed by the court after hearing evidence, and a judgment rendered for them by the court against complainant in the bill. That a judgment was so rendered against said complainant, that she pay Funkhouser & Rider $150, and Hanna & Hanna $150, in all $300, as solicitors' fees, expended by defendants in procuring the dissolution of the injunction. That by reason of these proceedings and this settlement, appellant as surety on the bond was released.

H. TOMPKINS and JOHN R. HOLT, attorneys for appellant.

R. P. HANNA, attorney for appellees.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Appellant assigns for error:

First, that the court admitted improper evidence on the part of appellees.

Second, that the verdict and judgment is contrary to the law and evidence.

A jury was waived and the case tried by the court. No holdings of law were asked. Objections were made to the introduction of the injunction bond; also to the decree of the court assessing the damages for wrongfully suing out the injunction at $300, and that J. R. Creighton et al., obligees in the bond, should recover that sum to be paid, $150 to Funkhouser & Rider, and $150 to Hanna & Hanna. The objections were properly overruled. The evidence was competent and material.

Appellant insists that there can be no recovery in this suit on the bond in the names of the obligees for the use of their attorneys. No authorities are cited which support

this proposition. Burgett v. Paxton, 15 Ill. App. 379, referred to by appellant, is not in point. It only decides that when obligees are not damaged, that they can not maintain an action on the bond in their names, for some one who is damaged. In the case at bar, the obligees were damaged to the amount of their attorney fees for dissolving the injunction. Nor was it necessary that they should have paid these fees before bringing suit on the bond. They are damaged in the eyes of the law when they have become legally responsible for them. Their right of recovery is perfect, when, after the dissolution of the injunction, their damages have been legally assessed. The relation of the surety is in no manner changed by the suit to recover damages being brought in the name of the obligees for the use of their attorneys. When he pays the judgment it will be immaterial to him whether the money goes to the obligees and from them to their attorneys, or whether it goes directly to the attorneys without passing through the hands of the obligees. The payment discharges both principal and surety, and that is all the interest they have in the matter.

Counsel for appellant say, "when an injunction is dissolved by agreement, it is not within the statutory mode for assessment of damages." It is sufficient in reply to say, that the record does not show that the injunction was dissolved by agreement. On the contrary, it does show that it was dissolved on motion of defendants, months before the case was settled; and further, that although leave was given to file a supplemental bill, that it does not appear that any supplemental bill was ever filed, and the motion to reinstate the injunction was continued until a final hearing upon the original bill, answer, replication and supplemental bill. In other words, the order dissolving the injunction, stood unimpaired and unaffected by any subsequent orders or decrees.

The settlement of the case on March 17, 1896, as shown by the stipulation in evidence, in no way affected the right of obligees in the bond to recover damages for the wrongful suing out of the injunction. These damages accrued to them

when the injunction was dissolved on their motion, September 21, 1895. The stipulation shows that amount of these damages was not settled but was left to be determined by the court if the parties could not agree upon the amount. Not agreeing, they were assessed by the court as damages are assessed in like cases. There was nothing in the settlement of the case then, that would release the surety on the bond. A complainant may even dismiss his bill, where there is no fraud, and its dismissal will not release the surety on the injunction bond, although done by agreement with the defendant in the bill. Boynton v. Phelps, 52 Ill. 210.

In this case cited, the action was brought by the obligees in the bond for the use of other parties.

Appellant urges that there is no proof that the court heard evidence upon suggestions of damages filed. This objection comes too late in a suit on the bond for an amount decreed by the court in a hearing provided for in a stipulation entered into by the complainant in the chancery suit and the defendants in said suit. Nor can the surety complain of this method of fixing the amount of damages, as the filing of suggestions of damages would have resulted in their being settled by the court after hearing evidence in precisely the same manner. It may be said too, that while the evidence in this case does not show that suggestions were filed, that a presumption of regularity of proceedings prevails when nothing appears to the contrary.

We think that the evidence sustains the allegations of the declaration, and that the finding of the court is correct both in fact and in law. Judgment affirmed.