ODELL V. PETTY, Sheriff, *et al.* (STEELE, Intervener).

1. Where judgment for plaintiff, in an action to recover possession of personal property, is assigned, the assignee is the real party in interest entitled to sue on a redelivery bond, providing that its obligations shall be performed by returning the property or paying its adjudged value.

2. Where exceptions are incorporated in the bill of exceptions, pursuant to the universal practice of the trial court, by which an exception is deemed to be taken to each of its rulings without the formality of a timely exception, the rulings to which exceptions were so taken were properly presented for review.

(Opinion filed July 6, 1905.)

Appeal from circuit court, Fall River county; Hon. LEVI McGEE, Judge.

Action by Abel Odell against Edmund Petty, sheriff of Fall River county, and another, in which L. E. Steele intervened. From a judgment for plaintiff, defendants and the intervener appeal. Reversed.

*G. M. Cleveland* and *S. E. Wilson,* for appellant L. E. Steele.

*Elmer R. Juckett,* for appellant Edmund Petty.

*Eastman & Dudley,* for respondent.

FULLER, J. To defeat this action on a redelivery bond given plaintiff in an action to recover the possession of certain personal property in which he had obtained a judgment, the appealing defendants denied that respondent is the owner of the claim or the real party in interest, and offered to show by competent record evidence that he executed and delivered an assignment of such judgment to a third party prior to the commencement of this action, and the rejection of such evidence by the trial court is reversible error.

The appellant corporation, as surety on the bond, was bound to satisfy any judgment that plaintiff might recover against the defendant sheriff, and it is expressly provided in the contract of suretyship that such obligation shall be performed by returning the specific personal property, or by the payment of its adjudged value, and the assignee of such judgment, as the real party in interest, is alone authorized to maintain an action to recover the same. Guernsy v. Tuthill, 12 S. D. 584, 82 N. W. 190. In the case of Schlieman v. Bowlin, 36 Minn. 198, 30 N. W. 879, the court say: "It is a familiar rule of equity, of universal application, that the assignment of a demand entitles the assignee to every assignable remedy, lien, or security available by the assignor as a means of indemnity or payment, unless expressly excepted or reserved in the transfer of the demand. The assignment of the demand, which is the principal thing, operates as an assignment of all securities for its recovery or collection, and upon such securities the assignee, as the real party in interest, may maintain an action in his own name. The bond given by a defendant in an action in replevin, pursuant to Gen. St. 1878, c. 66, § 136, to obtain a return of the property during the pendency of the suit, stands in the place of the property, its purpose and office being, as its conditions show, to secure such judgment as the plaintiff may recover in the action. The bond is but an incident to the debt or claim represented by the judgment. The right to collect the judgment on execution, and the right to recover on the bond, which is merely security for the judgment, cannot exist in the hands of different persons. Therefore, in the present case, the assignment to the plaintiff of the judgment operated as an assignment to him of this bond, and, as the real party in

interest, he can maintain an action upon it.'' Upon principle, the following authorities are quite applicable: Ullmann v. Kline, 87 Ill. 268; Hurt v. Wilson, 38 Cal. 263; Cobbey on Replevin, § 1800.

Adversely to all the other parties, the intervening plaintiff and appellant claims to be the owner of the cause of action and the judgment under consideration by virtue of a certain execution sale, the exact legal effect of which cannot be safely determined upon the record presented; but in view of the fact that all proceedings culminating in such sale appear to be regular, and were seemingly so determined by the judgment of a court of competent jurisdiction from which no appeal was taken, it was probable error to strike out her complaint and reject all evidence relative thereto.

As exceptions were incorporated into the bill of exceptions pursuant to the universal practice of the trial court, by which an exception is deemed to be taken to each of its rulings without the formality of a timely exception, there is no merit in the contention of respondent's counsel that no exceptions were taken, and the questions herein determined render unnecessary any further consideration of the points raised in the respective briefs before us.

The judgment appealed from is reversed, and a new trial ordered.