[Civ. No. 1853.    First Appellate District.—December 20, 1916.]

SOPHIA MEYER, Respondent, v. C. W. JONES, Defendant, and W. B. BUNKER, Appellant.

ASSIGNMENT OF JUDGMENT—RIGHTS OF ASSIGNEE AGAINST SURETIES ON ATTACHMENT BOND.—An assignment by the plaintiff of a judgment obtained by him in an action in which the defendants executed an undertaking for the release of attached property, operates as an assignment of the cause of action against the sureties on the undertaking, and entitles the assignee to maintain such action, without a separate assignment of the rights of the plaintiff under the undertaking.

ID.—STIPULATION OF PARTIES—FINALITY OF JUDGMENT OF TRIAL COURT —SURETIES ON UNDERTAKING NOT DISCHARGED.—The sureties on an undertaking given to procure the release of attached property are not discharged by a stipulation made upon the trial of the action in which the attachment was issued, that no appeal should be taken, and that the judgment to be rendered by the trial court should be accepted as final.

APPEAL from a judgment of the Superior Court of Alameda County.    W. H. Donahue, Judge.

The facts are stated in the opinion of the court.

Peck, Bunker & Cole, and Henry G. Tardy, for Appellant.

Clinton G. Dodge, for Respondent.

THE COURT.—In this case the defendants executed an undertaking in the sum of $460 for the release of an attachment which had been levied on the property of the C. L. Decker Company in an action in which that company was defendant and the plaintiff's assignor, Samuel Meyer, was plaintiff, and in which judgment went in favor of plaintiff. In the trial of that action it was stipulated by the parties thereto in open court that the judgment to be rendered therein should be final. Judgment was duly rendered, and no motion for a new trial was made nor any appeal taken, and at the time of the commencement of the present suit the judgment therein was final. Subsequent to its entry Samuel Meyer, without having made any demand for payment of the same, assigned it to the plaintiff herein, who three days later notified the C. L. Decker Company of the assignment. She also caused a writ of execution to be issued, which was returned unsatisfied, whereupon she demanded of the defendants herein payment of the judgment, together with interest and costs, and upon their failure to comply with such demand commenced this action against them upon their bond.

While the judgment was assigned to the plaintiff, there was no assignment of any right or benefit accruing from the defendants' undertaking; and the appellant now contends that the plaintiff acquired no rights under the bond by virtue of their assignment of the judgment. We cannot agree with this contention. We are of the opinion that the undertaking was an incident to the judgment, and that the assignment of the latter entitled the assignee to maintain this action on the bond against the sureties (*Heisen* v. *Smith*, 138 Cal. 216, [94 Am. St. Rep. 39, 71 Pac. 180]; *King* v. *Miller*, 53 Or. 53, 59, [97 Pac. 544]).

It is stated in 4 Cyc. at page 72, that the claim upon which a judgment is founded, and all the remedies carried by it, pass by an assignment of the judgment as an incident thereto. In *Schlieman* v. *Bowlin*, 36 Minn. 198, [30 N. W. 879], the assignment of a judgment in replevin was held to operate as an assignment of the bond given to obtain a return of the property. (See, also, 2 Freeman on Judgments, sec. 431; *Ullmann* v. *Kline*, 87 Ill. 268; notes to *Commonwealth Use of Vicars* v. *Wampler*, 1 L. R. A. (N. S.) 149.) In the present case the contract of the sureties cannot be

regarded as giving the assignee a collateral right of action. It was given as security for the debt, which was the foundation of the original action, and it was an incident of the judgment.

Nor do we think that the stipulation that no appeal should be taken, and that the judgment to be rendered by the trial court should be accepted as final, operated to release the sureties on the undertaking. By the terms of the bond the defendants contracted to pay, on demand, the amount of whatever judgment might be rendered in the action. A party to an action is under no obligation to take an appeal from the judgment of the trial court, which may well be accepted as an authoritative determination of the questions involved therein; and, in the absence of fraud or collusion, the mere fact that the right to move for a new trial or to appeal has been waived in no way affects the liability of the sureties upon an undertaking such as the one here involved. It will not be denied that a surety may stand upon the exact terms of his contract; but we are unable to perceive that the demand made upon the surety in this case is outside the obligation of his contract. All he is asked to do is to pay the amount of the judgment recovered against the defendant in the action in which the bond was given, and which is the precise extent of his undertaking.

In *Preston* v. *Hood,* 64 Cal. 405, [1 Pac. 487], it was held that sureties on a bond given to prevent the levy of an attachment are not released by the entry of a judgment by consent with execution stayed for sixty days. In *Jaffray* v. *Smith,* 106 Ala. 112, [17 South. 218], it was held that an agreement between counsel representing parties to several suits by which the result of the several suits was made to depend upon and follow the issue of one of them, which only was actually tried, was not an unauthorized modification of the contract of suretyship, and therefore did not discharge the sureties. Other authorities tending to support this position are: *Train* v. *Gold,* 5 Pick. (Mass.) 380; *Cunningham* v. *Howell,* 23 N. C. 9; *First Nat. Bank* v. *Eureka Lumber Co.,* 123 N. C. 24, [31 S. E. 348]; 32 Cyc. 191.

The judgment is affirmed.