Matthias, J.
 

 The facts stated present a single question of law, which is whether an action to recover upon a bond given to secure an injunction preventing the sale of property taken upon execution to satisfy a judgment may be maintained by the assignee of such judgment; he being the owner thereof at the time the injunction was procured.
 

 It is conceded that Amorosi was not the owner of the judgment at the time the injunction suit was instituted. It had been assigned to Silvestro three days prior thereto, and Silvestro was made a party to the injunction suit subsequent to the issuance of the injunction. Amorosi, the judgment creditor, was named as a defendant in the injunction suit, as was also the sheriff; but the identity of the individual owning the judgment was of no concern to the party procuring the injunction or the surety upon the bond given as a prerequisite to the issuance of the order restraining the sale of the automobile levied upon. The execution had been issued to the sheriff, and he had levied upon the automobile of Diamond, the judgment debtor, to satisfy the judgment in question. The prevention of the sale by the sheriff was the object and purpose of the injunction, and the sole object and purpose of the bond was to secure the issuance of that injunction, and it was given to make good the loss, if any were occasioned thereby. That judgment was at that time the judgment of Silvestro. Here, as it turned out, the bond for all practical purposes took the place of the
 
 *26
 
 property, which had depreciated until its value had almost reached the vanishing point before Silvestro succeeded in procuring the dissolution of the injunction and the offer of the property for sale. The only person damaged by reason of that situation was Silvestro. If the damages sustained by him were not covered by the bond it could have served no purpose whatever, and was therefore a vain and purposeless thing. A compensated surety upon such a bond cannot be so readily relieved from its obligation.
 
 Van Gorder
 
 v.
 
 Lundy,
 
 66 Iowa, 448, 23 N. W., 918;
 
 Bennett
 
 v.
 
 McGrade,
 
 15 Minn., 132 (Gil., 99);
 
 Conoway
 
 v.
 
 Carnall,
 
 101 Okl., 172, 224 P., 523;
 
 Ullmann
 
 v.
 
 Kline, 87
 
 Ill., 268;
 
 Schlieman
 
 v.
 
 Bowlin,
 
 36 Minn., 198, 30 N. W., 879.
 

 There is a still more potent reason for holding that Silvestro may maintain such action. By virtue of the provisions of Section 11882, General Code, no injunction can operate until a bond is given “to secure to the party enjoined the damages he may sustain, if it be finally decided that the injunction ought not to have been granted.” The bond was therefore issued pursuant to the requirements of the statute and those provisions govern and control the question of liability under such bond.
 
 Southern Surety Co.
 
 v.
 
 Chambers,
 
 115 Ohio St., 434, 154 N. E., 786. It was the act of the sheriff only that was enjoined; and he neither personally nor officially would suffer any damage by reason thereof. The sheriff was merely the agent designated by law to perform such service, and was acting for and on behalf of the individual who would benefit from the sale and who would be damaged if the sale were wrongfully prevented. • That person was Silvestro, the owner of the judgment. He was the party whose protection was contemplated by the statute under and in pursuance of which the bond was executed, and he was the real party in interest. Such was the
 
 *27
 
 conclusion of the Court of Appeals, and, for the reasons stated, its judgment is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Stephenson, JJ., concur.