## NELSON v. CENTURY INDEMNITY CO.*
### No. 6969.

Circuit Court of Appeals, Ninth Circuit.
June 5, 1933.

*Rehearing denied Aug. 5, 1933.

Hadsell, Sweet & Ingalls, of San Francisco, Cal., for appellant.

Redman, Alexander & Bacon and R. P. Wisecarver, both of San Francisco, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

This suit was brought by G. Nelson as assignee of the judgment entered in the Superior Court for the County of San Francisco on the 10th day of October, 1929, against the San Francisco Iron & Metal Company, a corporation, L. Silberman, and N. Abraham. The Century Indemnity Company was the surety upon an undertaking given in that action to secure the release of property which had been attached by the sheriff in pursuance of a writ issued upon the institution of the action. The bond was for the sum of $6,000 and conditioned that in case the plaintiff in that action recovered judgment against the San Francisco Iron & Metal Company, a corporation, H. Silberman, and L. Silberman, the said defendants would either redeliver the attached property or in default thereof, pay the full value thereof, not exceeding the amount of the judgment, to the plaintiff in said action. The plaintiff alleged that the judgment had been rendered against the defendants San Francisco Iron & Metal Company and L. Silberman, and execution had been issued thereon and returned unsatisfied; that L. Silberman was insolvent, and that the San Francisco Iron & Metal Company was insolvent and bankruptcy proceedings had been brought against it; that a claim upon the judgment had been filed in the bankruptcy proceedings, that it had not been paid, and that there were no assets with which to pay it; that the judgment was unpaid; that demand had been made upon the defendant surety company for the attached property or that payment be made in accordance with the undertaking on release of attachment furnished by the defendant surety company. Appellant prayed for judgment in the amount of $5,713.55 and interest, $5,643.65 being the amount due upon the judgment rendered by the Superior Court of the State of California for the County of San Francisco and $69.90 the costs in that suit. The defendant's answer alleged that the judgment of the Superior Court above mentioned, was also against another defendant (N. Abraham) in said action, for whom a release of attachment undertaking had been issued by the Fidelity & Casualty Company of New York; that the judgment had been paid by the Fidelity & Casualty Company and that said company "is attempting in this suit to recover from another surety for the payment of the obligation of the Fidelity & Casualty Company by virtue of its undertaking"; that the judgment creditor, V. Berges, had a right of action against the Fidelity & Casualty Company upon the attachment undertaking, and that by accepting the amount of the judgment and making the assignment to the Fidelity & Casualty Company it had prejudiced the defendant's right "to subrogation and indemnity and exoneration, thereby said defendant was released and discharged from all further obligation." It alleged that the judgment creditor had made an agreement with the Fidelity & Casualty Company that no claim should be made against it upon its undertaking to release the attachment and thereby had prejudiced the rights of the defendant; that the Fidelity & Casualty Company failed to file notice with the clerk of the Superior Court of San Francisco County as required by section 709 of the Code of Civil Procedure of the State of California as a basis for the enforcement of the judgment. A jury trial was waived by written stipulation.

At the trial it was admitted that the Fidelity & Casualty Company of New York had furnished its attorney with the money necessary to pay the Superior Court judgment; that the money was paid to the plaintiff in the action and an assignment was taken to an employee of the attorney for the casualty company and was held by said employee in trust for said casualty company. In view of this admission it is evident that the main issue between the parties is as to the effect of this admitted transaction, the appellee contending that it amounted to payment of judgment and the appellant claiming that as assignee of judgment it is entitled to enforce the same against the defendant Century Indemnity Company.

Section 709, Civil Code of Procedure, provides a method by which a surety or defendant who has paid a judgment may enforce the judgment by execution against codefendants or cosureties liable thereon. This action is not predicated upon that provision of the Code. It has been held by the Supreme Court of California in two cases that

the remedy provided by section 709, Civil Code of Procedure, is not exclusive and that under the law of California a surety or other person liable upon a judgment can pay the same and take a written assignment thereof and enforce the judgment against the others liable therefor. It was held in effect in one of these cases that the plaintiff, having been paid the amount of the judgment, might by declaration of trust assume the position of trustee for the payor and enforce the judgment against the other judgment debtors. LaFleur v. M. A. Burns Lbr. Co., 188 Cal. 321, 205 P. 102; Williams v. Riehl, 127 Cal. 365, 59 P. 762, 78 Am. St. Rep. 60.

■ Assuming, then, that the plaintiff is the owner of the judgment held in trust for the Fidelity & Casualty Company of New York, it will assist in the decision of the case to first determine the right of the original judgment creditor and of his assignee with relation to the undertaking herein sued upon in the absence of such trust relationship. The bond was given to secure the payment of the judgment. The property attached in the absence of such a bond would have been held by the sheriff subject to the rendition of a judgment, whereupon it would be subject to sale and the proceeds would be applicable to the satisfaction of the judgment. The bond for the release of the property in effect substitutes the bond for the property and, in lieu of the redelivery of the property to the sheriff, sale and application on the judgment, the judgment creditor is entitled to enforce the bond by action thereon. Heisen v. Smith, 138 Cal. 216, 71 P. 180, 94 Am. St. Rep. 39; Meyer v. Jones, 32 Cal. App. 378, 163 P. 67. This right the assignee of the judgment has acquired by the assignment. Meyer v. Jones, supra. There is, therefore, a clear right on behalf of an assignee of the judgment creditor on the bond in suit to recover the value of the property released from attachment not exceeding the amount of the judgment in the event that the surety does not redeliver the property which was released from the attachment upon the giving of the bond. The remaining question in this case is whether or not the relationship of the Fidelity & Casualty Company of New York to the entire transaction alters the situation which would otherwise result from the assignment of the judgment to a third person not so connected. The above-mentioned decisions of the Supreme Court of California hold that in the case of an assignment of the judgment to one jointly obligated to pay the judgment the right of recovery by such assignee is limited to the amount which upon principles applicable to contribution could properly be collected by it if it had paid the obligation. In short, the California Supreme Court has held that the principle of contribution applies to an assignment of a judgment, as well as to the payment thereof, where the assignment is made to a co-obligor. Therefore, the facts alleged in the answer and disclosed by the evidence are a defense pro tanto to the action upon the bond. The trial court found as a fact that the judgment had been paid and upon that finding predicated its judgment in favor of the defendant. The fact was undisputed that the transaction was as hereinbefore set forth, which, under the California decisions, amounts to an assignment of the judgment with a right to enforce the same to the extent to which the assignee would be entitled to recover by way of contribution or reimbursement and no more. The appellant did not urge its right to recover on this ground in the trial court, but does upon this appeal. In response to this claim the appellee relies upon the proposition that the pleadings do not support or permit recovery based upon appellant's right to contribution or reimbursement.

■■ The appellant is not seeking to recover by way of contribution but upon its legal claim based upon the assignment to it of the judgment, and the appellee is seeking to limit the right of recovery upon the judgment by showing that the payment of the amount of the judgment for its assignment was in law a payment of the judgment. This claim, while made as a defense to the whole amount of the judgment, can be sustained only in the amount over and above that to which appellant is entitled to recover from the appellee upon the principle of contribution or reimbursement. The action is none the less an action upon the judgment, and the defense is none the less a plea of payment. The fact that neither claim has been fully sustained does not change the character of the action nor necessitate new pleadings. The rule that precludes a change of theory in the appellate court does not preclude an appellant who has insisted upon its right to recover the full amount upon the judgment in the trial court from admitting in the appellate court that he is entitled to the same or a lesser amount upon the undisputed facts.

■ We cannot ascertain from the record just what the obligations of the parties are. It is not clear from the record just what

property was seized by the sheriff under the attachment and to which of the defendants it belonged. The undertaking of the appellee was predicated upon the seizure of the property belonging to either of two of the defendants San Francisco Iron & Metal Company and L. Silberman, or both. It is also doubtful just what the relationship between the parties is. According to the findings of fact in the Superior Court action the corporation, San Francisco Iron & Metal Company, which is alleged to be one of the copartners, together with L. Silberman, H. Silberman, and N. Abraham, acting under the firm name of N. Abraham Mercantile Company, was originally jointly liable for the indebtedness sued upon. N. Abraham Mercantile Company, the copartnership, transferred all the property of the copartnership to the corporation in consideration of an agreement on the part of the corporation to pay all the debts of the former partnership. This agreement would constitute the corporation a principal and the members of the copartnership and the copartnership sureties. Davis v. Heimbach, 75 Cal. 261, 17 P. 199; Cutting Packing Co. v. Packers' Exch., 86 Cal. 574, 25 P. 52, 10 L. R. A. 369, 21 Am. St. Rep. 63; Imperial Refining Co. v. Kanotex Refinery Co. (C. C. A.) 29 F.(2d) 193, 199. If, therefore, the property seized by the sheriff was the property of the corporation, justice would require that this property be first subjected to the payment of the judgment for which the corporation was primarily liable before the property of N. Abraham, one of the partners for which appellant is surety, or of the other partners, is applied to the judgment, although the corporation is only a co-judgment debtor upon the face of the judgment. We do not mean to say that the original judgment creditor would be thus limited in enforcing the payment of its judgment, but merely that in view of the fact that one of the sureties for one of the partners has acquired the judgment by assignment, the rights of the parties from the standpoint of the right to contribution or reimbursement, rather than from the technical standpoint of the ownership of the judgment, requires such a conclusion. If it should appear from the evidence upon a new trial that there was sufficient property of the San Francisco Iron & Metal Company seized by the sheriff to satisfy the judgment, then the appellant surety, representing the rights of a joint debtor who was in law a surety on the obligation of that corporation, would be entitled to enforce the entire judgment against the property of the corporation and therefore against the bond issued to release the property of the corporation.

If, on the other hand, the property of the corporation thus released is insufficient to pay the judgment, the plaintiff would be entitled to have the value thereof first applied to the judgment and as to any balance thereon to have one-half of the remainder thereof paid by L. Silberman and the enforcement of the payment of that portion of the judgment against the undertaking of the appellee executed on his behalf.

The judgment, however, must be reversed, and the case remanded for further proceedings not inconsistent herewith.