## MOSES v. THORNE et al.

To enable the assignee of a judgment to sue on the appeal bond filed in the cause, he must have an assignment of the bond.

APPEAL from the District Court of the Twelfth Judicial District.

The plaintiff brought his action in September, 1854, on an appeal bond filed in the case of M. T. O'Connor v. John Stack et al., by the defendants. The plaintiff alleged and proved final judgment in that case against the defendants, and assignment of the judgment to him by M. T. O'Connor, the judgment creditor; no assignment of the bond to plaintiff was alleged or proved, but the assignment of the judgment uses these words : " secured by appeal bond of Isaac N. Thorne and Robert T. Ridley as securities." The Court below allowed the plaintiff, under the objection of defendants, to put in evidence the assignment of judgment, and gave judgment for plaintiff. Defendant moved for a new trial, which was overruled, and defendant appealed.

*Wm. H. Rhodes* for Appellant.

Cited Gordon v. Brown, 3 H. & M., 219 ; Strand v. Howell, 2 Pen., 649 ; Nixon v. Dickey, 2 Pen., 676.

The bond given is not a mere incident. It is a new contract between different parties, and defeasible on certain conditions. It is in no sense a mere security for the judgment, but is an independent obligation entered into for the purpose of testing a question of law, and does not pass by assignment of the judgment.

*E. Cook* for Respondent.

The assignment of the judgment refers to the bond, and carries it with it. The bond, when filed, became part of the record in that case, and passed with the judgment, as much as the assignment of a note carries with it the mortgage, the latter being merely incident to the debt. Jackson v. Blodge, 5 Cowen, 202; Patterson v. Hull, 9 Cowen, 747; Cathcart's Appeal, 13 Harris, (Penn.) 416, and cases there cited.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

There was no right of action in the plaintiff in his own name. To entitle him to bring this suit, he should have had an assignment of the bond. The assignment of the judgment, while it may give him equitable rights to avail himself of the security afforded by the bond, cannot confer the right of bringing a common law action upon it.

The reason why a mortgage follows the transfer of a note which it secures, is because a foreclosure is only sought in equity.

The judgment is reversed.