H. C. DRAY, ASSIGNEE OF WM. McINTYRE, RESPONDENT,
   *v.* GEORGE MAYER AND WM. H. MUSGROVE,
   APPELLANTS.

ASSIGNMENT.—Right of action on the undertaking required by § 10 of Jus-
   tices' Code does not pass to an assignee by the assignment of the judg-
   ment in the cause.

APPEAL from Multnomah County.

The facts are stated in the opinion of the Court.

*H. T. Bingham*, for Appellants.

*Charles Gardiner*, for Respondent.

By the Court, McARTHUR, J.:

This is an appeal from a judgment rendered in the Cir-
cuit Court for the County of Multnomah. Previous to the
commencement thereof, Mayer brought an action in a Jus-
tice's Court in said county against one McIntyre, who, in
due form, made a motion under § 10 of Justices' Code, that
the plaintiff therein, Mayer, give security for costs. This
motion was allowed and the required undertaking was given,
with one Musgrove as surety. The trial in the Justice's
Court resulted in a judgment in favor of Mayer. McIntyre
appealed to the Circuit Court, and the trial therein resulted
in favor of McIntyre, who recovered a judgment against
Mayer for his costs and disbursements in both the Circuit
and the Justice's Court. This judgment was assigned by
McIntyre to Dray, who brings this present action upon the
undertaking. There was no assignment of the undertaking.
The simple question presented to this Court for consider-
ation is, whether, when the judgment of the Circuit Court
was assigned, it carried with it as a necessary incident the
undertaking given in the action in the Justice's Court.
Under our view of the law this undertaking was a separate
and independent contract between McIntyre, on one side,
and Mayer, as principal, and Musgrove, as surety, on the
other. We are of the opinion that the assignment of the

judgment could not carry with it the undertaking so as to affect the rights of Musgrove. That is to say, in this action Dray cannot recover upon the undertaking against Musgrove, he (M.) not being a party to any of the suits or actions, being, as just stated, simply a surety for Mayer in the undertaking in the original action in the Justice's Court. This view of the law is sustained by the case of *Moses* v. *Thorne* (6 Cal. 87). This action having been brought by Dray upon the unassigned undertaking, is not brought in the name of the real party in interest in the undertaking— McIntyre being such real party in interest.

Judgment reversed.