[L. A. No. 585. Department Two.—December 28, 1899.]

P. O. CHILSTROM, Respondent, v. H. EPPINGER, Jr., and E. P. CHICK, Appellants.

ASSIGNMENT — JUDGMENT — UNDERTAKING ON APPEAL — RIGHTS OF ASSIGNEE.—The assignment of a judgment only, without the assignment of the undertaking on appeal therefrom, does not pass to the assignee any right of action upon the undertaking on appeal, whether the assignment be made pending the appeal, or after the judgment has become a finality.

ID.—DISTINCT CONTRACT OF SURETIES — ACTION BY ASSIGNEE OF JUDGMENT.—The contract of the sureties in undertaking on appeal and to stay proceedings is distinct from and independent of the judgment, and not a necessary incident to it, and an action thereupon by a mere assignee of the final judgment cannot be sustained.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

G. & A. Webster, and Louis Lamy, for Appellants.

S. M. Swinnerton, for Respondent.

HENSHAW, J.—The action is by the assignee of the judgment to recover on the undertakings given on appeal and given to stay proceedings. A judgment was rendered in the justice's

court in favor of Morgenson, plaintiff, against Grabow, defendant. An appeal was taken, and the undertakings here sued upon were given to support it. Before determination of the appeal Morgenson assigned his judgment to P. O. Chilstrom, plaintiff in this action. He made no assignment of his rights upon the undertakings. After the assignment of the judgment the appeal was dismissed, and Chilstrom instituted this action in which he recovered judgment, from which defendants appeal.

In *Moses v. Thorne*, 6 Cal. 87, it was held that, in the absence of an assignment of the undertaking, the assignee of the judgment could not maintain an action against the sureties upon the appeal bond, the reasoning being that the contract of the sureties was entirely distinct from and independent of the judgment, was not a necessary incident to it, and the rights under it did not pass by assignment of the judgment. (See, also, *Dray v. Mayer*, 5 Or. 185.) The point is determinative of this appeal, for we can perceive no distinction between a case where the judgment has been assigned after it has become a finality, and the case at bar, where the judgment was assigned pending the determination of the appeal.

The judgment is therefore reversed and the cause remanded.

McFarland, J., and Temple, J., concurred.