[Sac. No. 950.    Department Two.—December 29, 1902.]

## A. C. HEISEN, Appellant, v. LOUIS SMITH et al., Respondents.

GUARDIAN AND WARD—CITATION—ORDER FOR PUBLICATION—JURISDICTION.—Where an order for the publication of a citation on a guardian to account recites that a citation previously issued had not been and could not be personally served, and that time did not remain to make publication before the return day, and directs the issuance and publication of a new citation, the fact that such new citation was not actually issued by the clerk until after the order for publication was made is not such an irregularity as to deprive the court of jurisdiction, provided it was issued before the publication was commenced.

ID.—CITATION TO REPORT.—A citation issued after the ward had become of age, directing the guardian to make a "report" of his administration, will be construed as equivalent to a direction to him to render a final account.

ID.—OMISSION OF SEAL FROM PUBLICATION.—The omission of the word "seal" in the copy of the citation as published is immaterial where the certificate of the clerk contained in the published copy shows that the seal was attached to the original.

ID.—PUBLICATION IN SUNDAY PAPER.—The jurisdiction of the court is not affected by the fact that the citation was published in a weekly newspaper issued only on Sundays. Such publication is a ministerial act, and not the transaction of "judicial business" within the meaning of the prohibition contained in section 134 of the Code of Civil Procedure.

ID.—ASSIGNMENT OF JUDGMENT CARRIES BOND.—An assignment by a
ward of a judgment rendered against the guardian upon the settle-
ment of his accounts operates as an equitable assignment of the
ward's cause of action against the sureties on his bond, and entitles
the assignee to maintain an action on such bond against the sureties.

APPEAL from a judgment of the Superior Court of Sac-
ramento County and from an order refusing a new trial.
Joseph W. Hughes, Judge.

The facts are stated in the opinion of the court.

A. A. De Ligne, for Appellant.

Devlin & Devlin, and H. C. Ross, for Respondents.

THE COURT.—This is a suit by the assignee of Marga-
retta Z. Smith against the defendant Smith, her former guard-
ian, and the sureties on his bond, to recover the sum of $466,
adjudged to be due her from the guardian on a settlement of
his account. The citation on the guardian to account was
served by publication, as in the case of *Trumpler* v. *Cotton*,
109 Cal. 250, 255, and it is claimed was insufficient to give the
court jurisdiction. The jurisdiction of the court is attacked
on several grounds, which will be considered *seriatim*.

1. The order of publication, made. August 18, 1896, after
reciting that a citation previously issued had not been, and
could not be, personally served, and that time did not remain
to make publication before return day, directs "that the cita-
tion [theretofore] issued be vacated and set aside," and that a
new citation issue "returnable November 27, 1896"; and that
"the service of said citation be made . . . by publica-
tion" as directed. . . . The citation issued under this
order—which is in the same terms as the original except as to
the return day—is dated August 19th, the following day,
which is the defect complained of. We can see no objection
to this mode of procedure, nor do we think the validity of the
proceedings can be affected by the delay of the clerk in issu-
ing the citation, provided it be issued before the publication
be commenced. The case is different from that of a summons,
where, as held in *People* v. *Huber*, 20 Cal. 82, the issue of
the summons is essential to give the court jurisdiction. For
under the law, as it then stood, until the summons was issued

there was no action pending. (Practice Act, sec. 22.) There are also other differences between the cases. The issue of a summons does not depend upon the order of the court, whose "only power is to order the summons, which has already issued, to be served in a special manner." But in probate or guardianship proceedings the citation itself issues only on the order of the court. Also in this case a citation had already been issued, and the new citation was but the same in terms as the old, except as to the change of the return day. It is therefore in substance simply an amendment of the original citation, and is to be so regarded.

2. It is next objected that the guardian was cited only to make a report of his administration, and that the citation did not require of him to file a final account. But the term "report," in the connection in which it is used, if not precisely equivalent to "account," includes it, and the citation, therefore, cannot be otherwise construed than as requiring the rendition of an account, which, from the fact that the ward had become of age, could be only a *final* account.

3. The omission of the word "seal" in the copy of the citation published is not material. From the nature of things, the seal itself cannot be copied in a printed publication, and hence all that is required is that its presence on the original should be sufficiently indicated. This is usually done by writing the word "seal" in the margin; but it may be otherwise sufficiently indicated, as in this case, by the certificate of the clerk contained in the published copy that the seal was attached to the original. (*Jones* v. *Martin,* 16 Cal. 166.)

4. The remaining objection to the jurisdiction is, that the publication was in a weekly newspaper issued only on Sundays. But this, we think, was unobjectionable. "Except as to judicial acts, which are void when done on Sunday, . . . the common law makes no distinction between Sunday and any other day." (2 Bouvier's Law Dictionary, word "Sunday," p. 1067. See, also, 1 Bouvier's Law Dictionary, word *"Dies Non."*) The rule indeed is, "That no judicial act ought to be done on that day, but ministerial acts may be lawfully executed on the Sunday." For otherwise, it is added, peradventure they can never be executed; and God permits things of necessity to be done on that day; and Christ says in the Gospel, *"Bonum est benefacere in Sabbatho."*

(MacKalley's Case, 5 Coke, 120, part IX, fol. 66a.)   Accordingly, it was held in the case cited that an arrest made on Sunday was good, and though at a later date service of process was forbidden by statute (29 Car. 11; *Scamm* v. *City of Chicago,* 40 Ill. 148), this has no force here.   The rule as given by Coke has been generally recognized by the courts. (*Ball* v. *United States,* 140 U. S. 130, *Swann* v. *Broome,* 1 W. Blackstone, 529; *State* v. *Ricketts,* 74 N. C. 193.)

In this state, the transaction of "judicial business" on Sunday or holidays is forbidden (Code Civ. Proc., sec. 134); and it may be that the expression quoted is somewhat broader in meaning than the expression "judicial acts" used by Coke. But it can hardly be extended to the service of process, or other ministerial acts, and certainly not to the publication of service.   (*Reclamation District* v. *Hamilton,* 112 Cal. 613.)

6. The objection is also made that there was no assignment to the plaintiff of her assignor's cause of action against the sureties.   But it is a familiar principle that in equity "the assignment of a demand entitles the assignee to every remedy, lien, or security that could have been used, or made available by the assignor as a means of indemnity or payment" (2 White & Tudor's Leading Cases in Equity, 1667, and cases cited); and it follows that the assignment of the judgment against the guardian operated as against the guardian's bond. Nor can there be any doubt, under our practice, of the right of the equitable assignee to maintain an action against the sureties.   (Code Civ. Proc., sec. 367.)

The decision in *Moses* v. *Thorne,* 6 Cal. 87, cited by respondent, seems to be inconsistent with this view.   But in that case it was in effect admitted that the assignment of the judgment operated as an equitable assignment of the bond, and the decision was put on the ground that the assignment, being merely equitable, could not "confer the right of bringing a common law action upon it."   But in this, the court overlooked the provisions of section 4 of the Practice Act, corresponding to section 367 of the Code of Civil Procedure, requiring that "every action must be prosecuted in the name of the real party in interest."

In the case of *Childstrom* v. *Eppinger,* 127 Cal. 326,[1] also

---

[1] 78 Am. St. Rep. 46, and note.

cited, the decision in *Moses* v. *Thorne* was inadvertently followed.

For the reasons given the judgment and order appealed from must be reversed, and it is so ordered.

Hearing in Bank denied.