HARRY FEINBERG, PLAINTIFF IN ERROR, v. R. C. STEARNS, *Defendant in Error.*

56    279
[56   881
57    456

UNRECORDED CONVEYANCE —DOES NOT AFFECT JUDGMENT CREDITOR WITHOUT NOTICE — BURDEN OF PROOF OF NOTICE OF UNRECORDED CONVEYANCE—ASSIGNEE OF JUDGMENT TAKES ALL RIGHTS AND REMEDIES OF JUDGMENT CREDITOR.

1. The law is well settled that under our recording laws subsequent purchasers and creditors acquiring subsequent liens by judgment or otherwise without notice of a prior unrecorded deed will be protected against such unrecorded conveyance, unless the party claiming thereunder can show that such subsequent purchaser or lien creditor acquired his title or lien with notice of such unrecorded conveyance; and the burden of showing such notice is upon the party claiming under such unrecorded conveyance. All of the presumptions in such a case are in favor of the *bona fides* of such subsequent purchaser or lien creditor, and that they acquired their subsequent title or lien in good faith and without notice of the unrecorded prior conveyance.

2. An execution creditor, equally with a subsequent purchaser, is protected under the statute against unrecorded deeds, and in order to deprive such judgment creditor of the protection of the recording statute it must be shown that he had notice in some recognized way of the rights of the party claiming under the unrecorded deed *at the time of the rendition of his judgment.*

3. The assignment of a judgment carries with it the cause of action on which it is based, together with all the beneficial interest of the assignor in the judgment and all of its incidents. Such an assignment entitles the assignee to use every remedy, lien, or security available to the assignor as a means of enforcing the judgment. And if in such a case, the judgment creditor had no notice of an unrecorded deed at the time of the rendition of his judgment his assignee of such judgment will be protected by the recording statute against such unrecorded deed even though such assignee had knowledge of such unrecorded deed prior to his purchase of such judgment. If a judgment creditor had no notice either actual or constructive of an unrecorded deed made by the judgment debtor to another before rendition of such judgment, it is immaterial whether a purchaser at a sale under the judgment had notice of such unrecorded deed or not. A purchaser with notice from a purchaser without notice takes a good title.

4. Where land in possession of a tenant is conveyed, the continued possession of the tenant of the grantee, is not constructive notice of the unrecorded deed.

This case was decided by Division B.

Writ of Error to the Circuit Court for Gadsden County.

The facts of the case are stated in the opinion of the court.

*E. C. Love,* for plaintiff in error.

No appearance for defendant in error.

TAYLOR, J.—The plaintiff in error as plaintiff below brought ejectment in the Circuit Court of Gadsden County against the defendant in error as defendant below for recovery of two lots located in the town of Quincy in said county. The trial resulted in a verdict for the plaintiff, but the court below granted the defendant's motion for new trial and, under our statute permitting it, the plaintiff brings this order here for review by writ of error.

There is no conflict in the evidence, which in substance makes out the following case: On the 6th day of November, 1902, one R. H. Plant recovered a judgment in the Circuit Court of Gadsden County against one J. W. Mitchell, who was then, so far as the public records showed, the owner of the lots in dispute. Under the execution issued for the enforcement of this judgment the two lots in dispute were levied upon by the sheriff and sold at public sale on the 7th day of December, 1903, and the plaintiff Harry Feinberg became the purchaser thereof at said sale and on the last mentioned date took a deed thereto from the sheriff. The said Feinberg prior to such sheriff's sale had become the assignee of such judgment for a valuable consideration paid to the judgment creditor Plant. Under this sheriff's deed the plaintiff Feinberg claimed title to the lots.

The defendant Stearns claimed title under a deed from the judgment defendant, J. W. Mitchell, dated the 17th day of September, A. D. 1902, but this deed was not proven for record and was not recorded in the public records until the 4th day of November, 1903, which, it will be observed, lacked only two days of being a year subsequently to the rendition of the judgment in favor of Plant. The execution under which the property was sold was issued and levied on the property on November 4th, 1903, and it is a significant fact that the deed to

Stearns was on that day proven for record and recorded.

On the day of sale by the sheriff and prior thereto the defendant Stearns through his attorney gave oral notice to all bystanders and bidders attending such sale that he owned the property and held a deed thereto executed prior to the recovery of the judgment under which it was being sold.

The defendant Stearns never went into actual occupancy himself of said property, but allowed tenants who were in possession under his grantor Mitchell to continue in possession thereof. At the time of the purchase of the judgment from Plant by the plaintiff Feinberg the latter knew that the property in dispute had been sold by Mitchell, the judgment debtor, to Stearns. The record before us is wholly silent as to whether or not R. H. Plant, the judgment creditor, at the time of the rendition of such judgment, had any notice or knowledge other than the public records of any sale or conveyance of such property by Mitchell, his judgment debtor. Neither the plaintiff or defendant at the trial made any effort to prove any such notice or want of notice to Plant. Under this state of facts the trial judge charged the jury in substance that if the plaintiff Feinberg at the time he purchased the judgment from Plant had notice of the prior sale and conveyance of the lots by Mitchell the judgment debtor, to the defendant Stearns then the burden was upon the plaintiff Feinberg of proving that at the time of the rendition of such judgment Plant, the judgment creditor, did not have any notice or knowledge of such prior sale and conveyance by Mitchell to Stearns. This feature of the judge's charge was erroneous.

The law is well settled that under our recording laws subsequent purchasers and creditors acquiring subsequent liens by judgment or otherwise without notice of a prior

unrecorded deed will be protected against such unrecorded conveyance unless the party claiming thereunder can show that such subsequent purchaser or creditor acquired his title or lien with notice of such unrecorded conveyance, and the burden of showing such notice is upon the party claiming under such unrecorded conveyance. All of the presumptions in such a case are in favor of the *bona fides* of such subsequent purchaser or lien creditor, and that they acquired their subsequent title or lien in good faith and without notice of the prior unrecorded conveyance, and the burden is on the party who has neglected to record his prior title to show that the subsequent purchaser or lien creditor has acted in fraud of his rights by purchasing or acquiring his lien with notice of his unrecorded prior conveyance. Coleman v. Barklew, 27 N. J. L. 357; Buch v. Golden, 17 Conn 594; Ryder v. Rush, 102 Ill. 338; Anthony v. Wheeler, 130 Ill. 128, 22 N. E. Rep. 494, 17 Am. St. Rep. 281; see Note to the last citation; Lampe v. Kennedy, 56 Wis. 249, 14 N. W. Rep. 43; Boggs v. Varner, 6 Watts & S. (Pa.) 469; Center v. P. & M. Bank, 22 Ala. 743; Roll v. Rea, 50 N. J. L. 264, 12 Atl. Rep. 905; Holmes v Stout, 10 N. J. Eq. 419; Rogers v. Wiley, 14 Ill. 65, S. C. 56, Am. Dec. 491; Brown v. Volkening, 64 N. Y. 76.

In the case of Lusk v. Reel, 36 Fla. 418, 18 South. Rep. 581, we have held that an execution creditor, equally with a subsequent purchaser, is protected under the statute against unrecorded deeds, and that in order to deprive such judgment creditor of the protection of the recording statute it must be shown that he had notice in some recognized way of the rights of the party claiming under the unrecorded deed *at the time of the rendition of his judgment.*

It is further well settled that the assignment of a

judgment necessarily carries with it the cause of action on which it is based, together with all the beneficial interest of the assignor in the judgment, and all its incidents. 2 Freeman on Judgments (4th ed.) § 431 and authorities cited. Such an assignment entitles the assignee to use every remedy, lien, or security available to the assignor as a means of enforcing the judgment. Chilstrom v. Eppinger, 127 Cal. 326, 59 Pac. Rep. 696, 78 Am. St. Rep. 46, and cases cited in note on page 49; Schlieman v. Bowlin, 36 Minn. 198, 30 N. W. Rep. 879.

In the case of Doyle v. Wade, 23 Fla. 90, 1 South. Rep. 516, it is held that if a judgment creditor had no notice either actual or constructive of an unrecorded deed made by the judgment debtor to another before the rendition of such judgment, it is immaterial whether a purchaser at a sale under the judgment had notice of such unrecorded deed or not, and that a purchaser with notice from a purchaser without notice takes a good title.

In the case of Stockton v. National Bank of Jacksonville, 45 Fla. 590, 24 South. Rep. 897, it is held that where land in possession of a tenant is conveyed, the continued possession of the tenant, as tenant of the grantee, is not constructive notice of the unrecorded deed. The proofs here show that the tenants of the grantor in the unrecorded deed continued in possession for some time after the rendition of Plant's judgment, so that no notice, either actual or constructive, resulted from such possession to Plant the judgment creditor of such unrecorded deed.

Judgment creditors having the same protection under the recording statute as subsequent purchasers, the superior rights of a judgment creditor as against an unrecorded deed executed by the judgment debtor, of which he had no notice either actual or constructive at the time

of the rendition of his judgment, will pass by an assignment of such judgment, even though the assignee thereof had notice of the existence of such unrecorded deed at the time of the assignment; and the fact of such an assignment under the circumstances mentioned does not shift the burden of proof from the party claiming under the prior unrecorded deed upon such assignee to show that his judgment creditor assignor was without notice of such unrecorded deed.

The verdict of the jury was right under the facts in proof, nothwithstanding the erroneous feature herein pointed out in the judge's charge, and the court below erred in setting such verdict aside and in granting the new trial. The judgment of the court below is hereby reversed and the cause is remanded with directions for the entry of judgment in favor of the plaintiff below upon the verdict rendered, unless a motion in arrest of judgment, or for judgment *non obstante veredicto* shall be made and prevail. The cost of this writ of error to be taxed against the defendant in error.

HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.