[Civ. No. 667. Second Appellate District.—January 7, 1910.]

F. G. HENTIG, Respondent, v. FRANCES E. JOHNSON et al., Defendants; W. L. WILLIAMS, Appellant; H. J. STOCKER, Respondent.

APPEAL — ASSIGNMENT OF AFFIRMED JUDGMENT — JUDGMENT FOR ASSIGNOR AGAINST SURETIES ON APPEAL BOND — PRESUMPTIONS.— Where, after the affirmance of a judgment before *remittitur,* respondent assigned the judgment to a third party, without mentioning the appeal bond, and the assignor on motion entered judgment against the sureties on the appeal bond, it will be pre-

sumed on appeal therefrom, in the absence of any showing to the
contrary, that the respondent was acting on behalf of the real
party in interest, that the assignee is not dissatisfied with his
action, and that the assignor was acting in good faith.

ID.—CODE PROVISION—CONTINUANCE OF ACTION IN NAME OF ASSIGNOR
—SUBSTITUTION—PERMISSION REQUIRED.—Section 385 of the Code
of Civil Procedure, authorizes an action or proceeding to be con-
tinued in the name of an original party, notwithstanding an as-
signment, and it is only by permission of the court that the name
of the assignee can be substituted.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Warren L. Williams, and E. C. Bower, for Appellant.

F. G. Hentig, for Plaintiff-Respondent.

TAGGART, J.—Appeal from a judgment entered upon
motion against sureties on an undertaking to perfect an
appeal from a money judgment and to stay execution there-
on.   (8 Cal. App. 221, [96 Pac. 390].)

The motion was regularly noticed and heard upon a show-
ing by the respondent that more than thirty days had elapsed
since the filing in the office of the clerk of the superior court
of the *remittitur* of this court affirming the judgment of the
trial court; that $50 additional costs had been incurred by
respondent, and that no part of the judgment appealed from
had been paid.   It was also made to appear to the court
that subsequent to the date of the original judgment, and
prior to the filing of the *remittitur* from this court as afore-
said, the respondent Hentig assigned all his right, title and
interest in and to the original judgment to one Alice P.
Haney, who is still the owner of said judgment, but that re-
spondent did not sell or assign to said assignee of the judg-
ment any interest in either the undertaking on appeal or the
undertaking for stay of execution.

Appellant here contends that the assignment of the judg-
ment constituted an equitable assignment of the interests of
Hentig in the undertaking, and that the court had no au-

thority under the showing made to enter judgment in favor of anybody but the assignee of the judgment, Alice P. Haney.

Section 385, Code of Civil Procedure, authorizes the action or proceeding to be continued in the name of the original party, and it is only by permission of the court that the name of the assignee can be substituted. There is nothing in the record to show that in his motion for judgment against the sureties on the undertaking Hentig was not acting on behalf of the real party in interest. He continued to act as the attorney in the case in making the motion. This he might do whether for himself or his assignee, and in support of the judgment it will be presumed that he was acting for the one entitled to make the motion, whichever this was. It is unnecessary that we should pass upon the question whether *Heisen* v. *Smith,* 138 Cal. 216, [94 Am. St. Rep. 39, 71 Pac. 180], overrules or merely distinguishes *Chilstrom* v. *Eppinger,* 127 Cal. 326, [78 Am. St. Rep. 46, 59 Pac. 696].

We see nothing in the contention that the payment of a judgment entered on motion of a respondent under section 942, Code of Civil Procedure, would not estop the assignee of the respondent from entering up another judgment and collecting a second time from the sureties on the original undertaking. The assignee is not here either objecting to the enforcement of the judgment or attempting to have a judgment entered against the sureties on her own behalf. We cannot assume that she will be, and until she does, the good faith of the respondent will be presumed.

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 7, 1910.