**FIRST NATIONAL BANK OF BRYAN,**
Texas, Appellant,

v.

Charlie L. ROBERTS, by Jack W. Prescott, Assignee, Appellee.

No. 10346.

Court of Civil Appeals of Texas.

Austin.

Jan. 18, 1956.

Rehearing Denied Feb. 8, 1956.

Robert C. Nelson, Cameron, W. C. Davis, Bryan, for appellant.

Jack W. Prescott, Cameron, for appellee.

GRAY, Justice.

Appellant, First National Bank of Bryan, Texas, has appealed from a judgment dissolving a temporary restraining order and denying a permanent injunction to enjoin the enforcement of a default judgment rendered against it as garnishee.

On September 2, 1954, a judgment was rendered by the district court of Milam

County in Cause No. 13,703 in favor of Charlie L. Roberts against James Haile and Lois D. Haile for $1,767.67 interest and costs of suit. The defendants in that judgment filed a supersedeas bond with said defendants as principals and Ben Tweatt and appellee, Jack W. Prescott, as sureties, and attempted to take an appeal from said judgment. On May 26, 1954, this Court affirmed the above judgment on certificate. Our judgment was against James Haile and Lois D. Haile as principals and Ben Tweatt and appellee as sureties on the "appeal" bond. Upon the mandate from this Court being returned to the district court of Milam County execution was issued on the above judgment against the defendants and was returned not satisfied. After the issuance of the above execution and before its return execution was issued against the defendants and the sureties on the supersedeas bond. Thereafter on September 11, 1954, appellee paid said judgment and took a written assignment of the same from plaintiff Charlie L. Roberts. On September 22, 1954, appellee caused a writ of garnishment to issue in Cause No. 13,703 and to be duly served on appellant. Appellant did not answer this writ and on October 20, 1954, a default judgment against it as garnishee was rendered for the amount of the judgment in Cause No. 13,703. The garnishment proceeding was numbered 14,042.

Appellant filed its motion for a new trial and an application for a temporary restraining order and a permanent injunction. The trial court dismissed the motion for new trial for want of jurisdiction. However upon appellant's application a temporary restraining order was issued but upon a hearing that order was dissolved and the permanent injunction was denied. On appellant's attempted appeal from the above default judgment this Court overruled its motion to require our clerk to file the transcript tendered by it. First Nat. Bank of Bryan v. Roberts, Tex.Civ.App., 280 S.W.2d 788, error refused, n. r. e.

We did not consider the injunctive phase of the controversy in the above decision for reasons there stated. Following that decision appellant amended his appeal bond and we permitted filing of the transcript so as to perfect an appeal from the judgment denying a permanent injunction.

Appellant here presents one point which is:

"The trial court erred in dissolving the temporary restraining order and denying the permanent injunction as a matter of law, for the reason that the judgment rendered against the Appellant in cause No. 14,042 by the District Court of Milam County, Texas, was void."

In support of its point appellant says that when the judgment in Cause No. 13,703 was affirmed on certificate the sureties on the supersedeas bond were made parties defendant to the suit and the judgment; that as a party defendant to such suit and judgment and without his rights against the principals and co-surety being established and provided for by judgment appellee could not as a matter of law take an assignment of said judgment from Roberts after its payment by appellee, and that after the judgment was paid by appellee it was extinguished and the trial court was without jurisdiction to issue a writ of garnishment against appellant and the default judgment rendered against it is void.

Rule 435, Texas Rules of Civil Procedure, provides that when a court of civil appeals affirms a judgment of the court below it shall render judgment against the principals and the sureties on the appeal or supersedeas bond.

In Cockburn v. Hightower, 121 Tex. 555, 52 S.W.2d 365, 366, a case decided under the provisions of Art. 1857 which is the source of Rule 435 supra, the Court said

"* * * the judgment against the sureties must be determined by the provisions of the bond."

Here the agreed statement of facts before us designates appellee and Ben Tweatt as sureties on the supersedeas bond filed in Cause No. 13,703, and our judgment supra adjudged the liability of appellee to be that of a surety.

The record before us shows that appellee's liability for the payment of the judgment in Cause No. 13,703 was that of a surety on a supersedeas bond on which bond this Court rendered judgment. His only connection with Cause No. 13,703 was that of a surety on the supersedeas bond and since no judgment except the judgment authorized by said bond could have been rendered against him it follows that the question of his rights as such surety have been established.

Art. 6248, Vernon's Ann.Civ.St., provides:

"When any person, being surety in any undertaking whatever, shall be compelled to pay any judgment, or any part thereof, or shall make any payment which is applied upon such judgment by reason of such suretyship, the said judgment shall not be discharged by such payment, but shall remain in force for the use of such surety, and shall be considered as assigned to such surety, together with all the rights of the creditor thereunder to the extent of such payment with the interest thereon; and such surety shall be entitled to have execution thereon in the name of the creditor for the use of such surety against the principal debtor for the full amount of such payment, interest and costs, which execution shall be issued upon the application of such surety to the clerk, or court, as the case may be, and shall be levied, collected and returned as in other cases."

Here as noted supra execution on the judgment was first issued against the defendants in Cause No. 13,703 and afterwards was issued against said defendants and the sureties.

In Black v. Epperson, 40 Tex. 162 (174) the facts show that Mrs. Reagen recovered a judgment against Harris. Harris sued out a writ of error and executed a supersedeas bond with Black as one of the sureties. The judgment was affirmed against Harris and his sureties. Executions were issued on the judgment before the appeal and after the affirmance and except for a partial payment the executions were returned not satisfied. Black later paid the judgment and claimed that he was subrogated to the rights of the judgment creditor to a lien on land. The Court said:

"The judgment of affirmance having been rendered, we are of opinion that appellant, being thereby liable as surety for its payment and to execution against him, might voluntarily pay it at any time, and become subrogated to the rights of the creditor. He was not bound to await the action of the creditor, but might for his own protection pay the debt and control the judgment and execution."

In addition to the general rule of law that judgments may be assigned, see 26 Tex.Jur. p. 449, Sec. 593. Art. 6636, Vernon's Ann.Civ.St., authorizes their transfer and Art. 6248 supra fixes the status of a surety who pays the judgment.

We therefore hold that appellee's rights as a surety are established; that his payment of the judgment did not discharge the same, and that the same was assigned to him. Casray Oil Corporation v. Royal Indemnity Co., Tex.Civ.App., 165 S.W.2d 244, 248, wherein the Court quoted with approval as follows:

" 'The assignment of a judgment necessarily carries with it the cause of action on which it is based, together with all the beneficial interest of the assignor in the judgment and all its incidents. Such an assignment entitles the assignee to use every remedy, lien, or security available to the assignor as a means of enforcing the judgment. This necessarily includes the right to bring suit on the judgment, and to sue out process of garnishment thereon.' 15 R.C.L. Sec. 230 p. 777."

Writ of error was granted in the above cause on the assignment that the trial court erred in allowing a recovery of $100 attorney's fee to the garnishee in the event of an appeal. After the writ was granted the garnishee remitted the $100 in controversy. The Court said:

"Consequently, the question raised by the assignment has become moot.

"The Court of Civil Appeals correctly decided all other points." Casray Oil Corporation v. Royal Indemnity Co., 141 Tex. 33, 169 S.W.2d 955.

Rule 667, Texas Rules of Civil Procedure, provides that if the garnishee fails to answer judgment by default may be rendered against it for the full amount of the judgment, together with interest and costs that have accrued in the main case and also in the garnishment proceeding.

We have considered appellant's point and its arguments in support thereof and being convinced that error is not thereby presented the judgment of the trial court is affirmed.

Affirmed.