Henry Fred **EFFEL**, Appellant,

v.

Charles **McGARRY**, Appellee.

No. 05–09–01459–CV.

Court of Appeals of Texas, Dallas.

April 19, 2011.

Rehearing Overruled May 24, 2011.

Gordon Bogen, Harvey G. Joseph, Law Offices of Harvey G. Joseph, Dallas, TX, for Appellant.

Robert M. Clark, Jr., Eddleman & Clark, Charles W. McGarry, Law Office of Charles McGarry, Dallas, TX, for Appellee.

Before Justices O'NEILL, FITZGERALD and LANG.

## OPINION

Opinion By Justice O'NEILL.

In this credit card case, appellant Henry Fred Effel appeals the trial court's judgment awarding appellee Charles McGarry damages for breach of contract. Effel raises seventeen issues grouped into four main arguments. Generally, he asserts (1) the trial court erred in denying his plea to the jurisdiction, (2) the trial court erred in failing to find McGarry's claim was barred by the statute of limitations, (3) the trial court erred in admitting certain evidence, and (4) the evidence is legally and factually insufficient to prove breach of contract. McGarry brings three cross-points complaining the trial court erred in determining attorneys fees and prejudgment interest. We conclude the trial court properly denied Effel's plea to the jurisdiction. However, we also conclude the evidence is legally insufficient to support McGarry's breach of contract claim. Therefore, we reverse the trial court's judgment and render judgment that McGarry take nothing.

Discover issued a credit card to Effel in 2002. After Effel used the card and made some payments, he stopped making payments. Discover closed the account and assigned it to Hudson & Keyse, LLC. Hudson & Keyse obtained a default judgment against Effel for damages for breach of contract, interest, and attorneys fees. After obtaining the judgment, Hudson & Keyse assigned it to McGarry. Effel later filed a petition for bill of review against McGarry. The trial court granted the bill of review concluding Effel was not served with citation. The trial court set aside the default judgment and realigned the parties, making McGarry the plaintiff and Effel the defendant.

McGarry filed a "Realigned Plaintiff's Amended Petition." In his petition, McGarry alleged a single claim for breach of contract. The claim was based on an alleged credit card agreement between Effel and Discover. Relying on this agreement, McGarry asserted Effel and Discover had agreed on specific terms, including the interest rate, grace period, credit limit, minimum payment, and fees payable upon exceeding the credit limit. McGarry alleged that Effel expressly or implicitly agreed to these terms by using the account after the terms were made known to him.

■ Effel filed a plea to the jurisdiction asserting McGarry lacked standing to pursue his claim. Effel does not dispute McGarry had standing to defend the bill of review Effel himself had brought against McGarry. However, according to Effel, McGarry lost standing the moment the trial court set aside the default judgment. He relies on language of the assignment which only expressly assigned the judgment.

Effel concedes the only authority that directly speaks to this issue is contrary to his position. Specifically, several courts have stated "[t]he assignment of a judgment carries with it the cause of action on which it is based, together with all the beneficial interest of the assignor in the judgment and all its incidents." *First Nat. Bank of Bryan v. Roberts*, 286 S.W.2d 462, 465 (Tex.Civ.App.-Austin 1956, no writ); *Casray Oil Corp v. Royal Indem. Co.*, 165 S.W.2d 244, 248 (Tex.Civ.App.1942), *aff'd*, 141 Tex. 33, 169 S.W.2d 955 (1943); *see also Watts v. Copeland*, 170 S.C. 449, 170 S.E. 780, 783 (1933); *Feinberg v. Stearns*,

56 Fla. 279, 283–84, 47 So. 797, 798 (1908); *see also* 48 Tex. Jur.3d Judgments § 659 (2007). Effel urges that this language is dicta and that the assignment of the judgment did not carry with it the underlying claim because the assignment did not expressly mention the underlying claim. Effel fails to recognize there was no cognizable underlying claim to assign at the time of the assignment, it having merged into the judgment. All that Hudson & Keyse had to assign at that time was the judgment. When it did so, we conclude it assigned all its interest in that judgment, including the underlying claim. Therefore, we conclude McGarry had standing to pursue the claim.

In Effel's fourth through eleventh issues, he asserts the evidence is legally and factually insufficient to support the trial court's findings of a valid and enforceable contract. Specifically, he asserts there is no evidence to prove a meeting of the minds with respect to the material terms of the contract. We agree.

Whether an alleged agreement constitutes an enforceable contract is generally a question of law. *Searcy v. DDA, Inc.*, 201 S.W.3d 319, 322 (Tex.App.-Dallas 2006, no pet.). Parties enter into a binding contract when the following elements exist: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Id.*

To constitute a contract, the minds of the parties must meet with respect to the subject matter of the agreement, and as to all of its essential terms. *Finley v. Hundley*, 252 S.W.2d 958, 962 (Tex.Civ.App.-Dallas 1952, no writ). The parties must assent to the same thing in the same sense at the same time. *Finley*, 252 S.W.2d at 962; *Solis v. Evins*, 951 S.W.2d 44, 49 (Tex.App.-Corpus Christi 1997, no writ). Their assent must comprehend the whole proposition, and the agreement must comprise all the terms which they intend to introduce into it. *Finley*, 252 S.W.2d at 962. Further, a contract is legally binding only if its terms are sufficiently definite to enable a court to understand the parties' obligations. *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex.2000). If an agreement is so indefinite as to make it impossible for a court to fix the legal obligation and liability of the parties it cannot constitute an enforceable contract. *Moore v. Dilworth*, 142 Tex. 538, 179 S.W.2d 940, 942 (1944).

McGarry did not present any evidence of a cardholder agreement or otherwise prove Effel and Discover expressly agreed to any contractual terms. Instead, to prove the terms of the contract, McGarry relied on credit card statements that Discover sent to Effel. To prove Effel assented to these terms, which included interest rates that started at 17.99%, but increased to 24.99%, as well as late fees and over-the-limit fees, McGarry relied on evidence that Effel used the card and made some payments on the account. However, there is no evidence Effel used the card or made any payments after Discover increased the interest rate from 17.99 or assessed the late fees and over-the-limit fees. Specifically, the last time Effel took any action that could evidence his assent to any agreement was in March 2003, which was the last time he used the card. However, it was not until the May statement that Discover raised the interest rate the first time. There was no indication in any of the earlier statements that Discover could increase the interest rate. Moreover, there was nothing in the earlier statements to suggest Discover could charge over-the-limit fees or late fees.

The material terms of a contract must be agreed upon before a court can enforce a contract. *See Williams v. Unifund CCR Partners Assignee of Citibank,* 264 S.W.3d 231, 235 (Tex.App.-Houston [1st. Dist.] 2008, no pet.); *see also T.O. Stanley Boot Co. v. Bank of El Paso,* 847 S.W.2d 218, 221 (Tex.1992). The interest rate is a material term. *See Williams,* 264 S.W.3d at 235; *T.O. Stanley Boot Co.,* 847 S.W.2d at 221. McGarry attempts to rectify this failure of proof by relying on account stated cases. However, McGarry pleaded only a breach of contract claim and the contract he alleged was breached was the original cardholder agreement. Although a stated account may be a species of a breach of contract claim, it has different elements and is based on a different agreement made at a different time. Specifically, a party is entitled to relief on a common-law cause of action for account stated where (1) transactions between the parties give rise to indebtedness, (2) an agreement, express or implied, between the parties that fixes the amount due, and (3) the one charged makes a promise, express or implied to pay the indebtedness. *Dulong v. Citibank (South Dakota), N.A.,* 261 S.W.3d 890, 891 (Tex.App.-Dallas 2008, no writ). Here, McGarry did not plead an account stated claim. The breach of contract action he did plead was based on the original credit card agreement and Effel's alleged assent to that agreement. McGarry was thus required to prove a meeting of the minds as to the material terms of that agreement. While we agree assent can be implied in a breach of contract case by conduct, the conduct must reflect an agreement to the contract alleged. Here, there is no evidence that Effel expressly or implicitly agreed to the interest rates charged, late payment fees or over-the-limit fees. Thus, there is no evidence Effel agreed to the only contract alleged. *See McElroy v. Unifund CCR Partners,* 2008 WL 4355276, * 5 (Tex.App.-Houston

[14th Dist.] 2008, no pet.) (memorandum opinion); *see also Williams,* 264 S.W.3d at 236. Thus, the trial court erred in rendering judgment on a breach of contract theory. Because Effel's legal sufficiency claim is dispositive of this appeal, we need not reach Effel's remaining points. Because McGarry did not allege any alternative theories, we must reverse the trial court's judgment and render judgment that McGarry take-nothing on his claim.