ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 18, 2012

The Honorable Jim Jackson
Chair, Committee on Judiciary and
    Civil Jurisprudence
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0951

Re: Whether a private retail establishment may charge an itemized and disclosed "service fee" on a consumer transaction (RQ-1036-GA)

Dear Representative Jackson:

You ask whether Texas law permits a private retail establishment, such as a fast food restaurant, to charge an itemized and disclosed "service fee" in connection with a consumer purchase.[1] You provide an example in which the fee, in a fixed amount of 37 cents, is printed on the customer's receipt as "Svc Fee," and a sign placed on the consumer's side of the cash register states the following: "37¢ Service Fee on all Sales over $10." Request Letter at 1.

A provision of the Finance Code prohibits the imposition of a "surcharge on a buyer who uses a credit card for an extension of credit instead of cash, a check, or a similar means of payment." TEX. FIN. CODE ANN. § 339.001(a) (West 2006). You do not suggest that the service fee at issue is limited to consumers who pay with a credit card. In addition, you do not point us to any provision of statutory or constitutional law that would prohibit the imposition of an itemized and disclosed service fee on consumer transactions by a private retail establishment, nor have we found any such prohibition. Moreover, the Texas Supreme Court has recognized, "[a]s a fundamental matter, [that] Texas law recognizes and protects a broad freedom of contract." *NAFTA Traders, Inc. v. Quinn*, 339 S.W.3d 84, 95 (Tex. 2011). If, however, a service fee is not itemized and disclosed to the consumer in advance of the transaction, the consumer may not be contractually bound to pay the fee. *See Effel v. McGarry*, 339 S.W.3d 789, 792 (Tex. App.—Dallas 2011, pet. denied) (stating that parties to a contract "must assent to the same thing in the same sense at the same time"; their "assent must comprehend the whole proposition"; and "the agreement must comprise all the terms which they intend to introduce into it"). *See also Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000) (providing that "a contract is legally binding only if its terms are sufficiently definite to enable a court to understand the parties' obligations").

---

[1] Letter from Honorable Jim Jackson, Chair, House Comm. on Judiciary & Civil Jurisprudence, to Honorable Greg Abbott, Tex. Att'y Gen. (Jan. 10, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

We conclude that no statute or constitutional provision prohibits a private retail establishment in Texas from charging an itemized and disclosed "service fee" on a consumer transaction, provided that the fee is not limited to the use of a credit card. If, however, the fee is not itemized and disclosed to the consumer in advance of the transaction, the consumer may not be contractually bound to pay it.[2]

---

[2]You do not ask, and we do not consider, whether state and local sales taxes must be collected on the "service fee."

## S U M M A R Y

No statute or constitutional provision prohibits a private retail establishment in Texas from charging an itemized and disclosed "service fee" on a consumer transaction, provided that the fee is not limited to the use of a credit card. If, however, the fee is not itemized and disclosed to the consumer in advance of the transaction, the consumer may not be contractually bound to pay it.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee